IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dianne Bolin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:19-cv-2563 |
| | ) | |
| Halsted Financial Services, LLC, an Illinois limited liability company, LVNV Funding, LLC, a Delaware limited liability company, and Resurgent Capital Services, LP, a Delaware limited partnership, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Dianne Bolin, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and allege:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendant's extensive business dealings here make them subject to this Court's general and specific jurisdiction.

2. Venue is proper in this District because: a) most of the acts and transactions occurred here; and, b) Defendant Halsted resides here and all Defendants transact substantial business here.

### PARTIES

3. Plaintiff, Dianne Bolin ("Bolin"), is a citizen of the State of Florida, from whom Defendants attempted to collect a defaulted consumer debt that she allegedly

owed for a Synchrony Bank credit card account, despite the fact that she had exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Halsted Financial Services, LLC ("Halsted"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. From its offices in Skokie, Illinois, Defendant Halsted operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state. In fact, Defendant Halsted was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC, ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. LVNV operates a nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debts Defendants attempted to collect from Plaintiff.

6. Defendant, Resurgent Capital Services, LP, ("Resurgent"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Resurgent operates a nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debts Defendants attempted to collect from Plaintiff.

7. Defendant LVNV is a bad debt buyer that obtains/buys large portfolios of defaulted consumer debts for pennies on the dollar. LVNV has no employees and acts through its sister company, Defendant Resurgent, which directs and controls LVNV. Resurgent collects debts owed to LVNV on its own accord, as well as hires other collection agencies to collect debts owed to LVNV.

8. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

9. Defendants Halsted, LVNV and Resurgent are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois.

10. Defendants Halsted, LVNV and Resurgent are licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants act as collection agencies in Illinois by trying to collect defaulted debts from thousands of persons in Illinois via collection letters, credit reporting, phone calls and lawsuits.

## FACTUAL ALLEGATIONS

11. Ms. Bolin is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Synchrony Bank. At some point in time after this debt went into default, Defendant LVNV allegedly bought Ms. Bolin's Synchrony Bank account, and Defendants then began trying to collect it from her by having Defendant Halsted, send Ms. Bolin a collection letter, dated December 21, 2018. Ms. Bolin then sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendants' collection actions. A copy of this collection letter is attached as Exhibit C.

12. Accordingly, on February 4, 2019, one of Ms. Bolin's legal aid attorneys at LASPD informed Defendants, that Ms. Bolin was represented by counsel, and directed them to cease contacting her, and to cease all further collection activities, because Ms. Bolin was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Nonetheless, Defendants then sent Ms. Bolin another collection letter, dated March 4, 2019, demanding payment of the Synchrony Bank debt. A copy of this letter is attached as Exhibit E.

14. Accordingly, on April 13, 2019, Ms. Bolin's LASPD attorney had to send Defendants yet another letter, again directing that communications and collections cease. A copy of this letter is attached as Exhibit F.

15. Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to

4

pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

16. Moreover, violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

17. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

21. Here, the letter from Plaintiff's attorneys to Defendants (Exhibit D) told Defendants to cease communications and cease collections. By directly communicating

with Plaintiff regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA

22. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

23. Plaintiff adopts and realleges ¶¶ 1-18.

24. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

25. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debts because her attorneys had given notice in writing to Defendants that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

26. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dianne Bolin, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Bolin and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dianne Bolin, demands trial by jury.

Dianne Bolin,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 16, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com